IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICHARD A. NEWTON,

    Petitioner,

v.                                                               Civil Action No. 3:17CV22

HAROLD W. CLARKE,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, submitted a 28 U.S.C. § 2254 petition. (ECF No. 6.) Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he or she can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "opportunity" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his [or her] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994).

In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006); *see also* Va. Code § 8.01-654(A)(1) (2007). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [or her federal habeas] claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07CV746–HEH, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (second alteration added) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005); *see also Sparrow*, 439 F. Supp. 2d at 587.

2

Petitioner indicates that he has filed a petition for appeal of the denial of his state habeas petition in the Supreme Court of Virginia and that petition is currently pending. (§ 2254 Pet. 6.) The Court's review of the Supreme Court of Virginia's case management system indicates that Petitioner's petition for appeal was filed on March 8, 2017.[1] Thus, the action is clearly pending before the Supreme Court of Virginia and Petitioner has not received a ruling from that court on his claims. *See Sparrow*, 439 F. Supp. 2d at 587. Thus, Petitioner's claims are clearly unexhausted.

Accordingly, by Memorandum Order entered on March 22, 2017, the Court directed Petitioner, within eleven (11) days of the date of entry thereof, to show cause as to why his § 2254 petition should not be dismissed for lack of exhaustion. The Court explained that a failure to do so would result in the dismissal of Petitioner's § 2254 petition without prejudice to re-file after Petitioner has exhausted his state court remedies for all of his claims.

More than eleven days have elapsed and Petitioner has failed to comply with the Court's directives or otherwise respond to the Court's March 22, 2017 Memorandum Order. Accordingly, the action will be DISMISSED WITHOUT PREJUDICE.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*,

---

[1] *See* http://www.courts.state.va.us/main.htm (select "Case Status and Information;" select "Supreme Court of Virginia" from drop-down menu; follow "ACMS-SCV" button; type "170320" under "CASE INFORMATION" and follow "Find" button).

3

463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
M. Hannah Lauck
United States District Judge

Date: MAY 05 2017
Richmond, Virginia